UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEIL RICHARD FIRSZT, ) | |
| ) | |
| ) | Case No. 21-cv-6798 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| TERRI BRESNAHAN, Superintendent of ) | |
| Schools, Community Consolidated School ) | |
| District 59, Elk Grove Village, Illinois, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Neil Richard Firszt, on behalf of his minor child, challenges defendant Illinois Community Consolidated School District 59's (the "District's") implementation of Governor Jay Pritzker's mandatory Executive Order 2021-18 ("EO21-18"), which states that all public and nonpublic K-12 schools must require "the indoor use of face coverings by students, staff, and visitors who are over age two." Because Firszt has failed to state a claim upon which relief can be granted, the Court dismisses his complaint in its entirety. A separate basis for the Court's dismissal of Firszt's complaint is that, as a pro se litigant, he cannot bring this lawsuit on behalf of his minor child. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). In other words, a non-attorney parent must be represented by counsel to bring an action on behalf of his child. *See Foster v. Board of Educ. of City of Chicago*, 611 Fed.Appx. 874, 877 (7th Cir. 2015).

**Background**

On July 23, 2021, pursuant to his authority under the Illinois Constitution and Section 7 of the Illinois Emergency Management Agency Act ("IEMAA"), 20 ILCS 3305/1, *et seq.*, Governor Pritzker issued a disaster proclamation for the State of Illinois. In that proclamation, the Governor noted that "despite efforts to contain COVID-19, the virus has continued to spread rapidly." From

this proclamation, Governor Pritzker issued EO21-18 on August 4, 2021, which states in relevant part: "All public and nonpublic schools in Illinois serving pre-kindergarten through 12th grade students must follow the joint guidance issued by ISBE [Illinois State Board of Education] and IDPH [Illinois Department of Health] and take proactive measures to ensure the safety of students, staff, and visitors, including, but not limited to:"

a. Requiring the indoor use of face coverings by students, staff, and visitors who are over age two and able to medically tolerate a face covering, regardless of vaccination status, consistent with CDC guidance; and

b. Implementing other layered prevention strategies (such as physical distancing, screening testing, ventilation, handwashing and respiratory etiquette, advising individuals to stay home when sick and get tested, contact tracing in combination with appropriate quarantine and isolation, and cleaning and disinfection) to the greatest extent possible and taking into consideration factors such as community transmission, vaccination coverage, screening testing, and occurrence of outbreaks, consistent with CDC guidance.

Construing plaintiffs' pro se complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), Firszt alleges that the District has violated his son's right to bodily integrity under the substantive due process clause of the Fourteenth Amendment by implementing Governor Pritzker's mask mandate under EO21-18. He also alleges violations of the free exercise clause of the First Amendment and the Americans with Disabilities Act ("ADA"). He seeks $7,000,000.01 in damages.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2)(B), even if a pro se plaintiff has paid the filing fee, the Court has the authority to screen his claims to determine whether the action he alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (grounds for sua sponte dismissal set forth in 28 U.S.C. § 1915(e)(2)(B)).

**Discussion**

*Substantive Due Process*

The Court first turns to plaintiffs' substantive due process claim. As stated, plaintiff alleges that EO21-18 and the District's adoption of this executive order contravenes the substantive due process clause by violating his son's right to privacy via his fundamental liberty interest in his bodily integrity. *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). "To allege a viable substantive due process claim, [plaintiff] would need to allege conduct under color of state law that 'violated a fundamental right or liberty' that was so 'arbitrary and irrational' as to 'shock the conscience.'" *Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir. 2021); *see also Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019 ) ("Substantive due process protects against only the most egregious and outrageous government action.").

Firszt has failed to plausibly allege that the mask mandate in Illinois schools, which was enacted to prevent the spread of the deadly coronavirus among students, teachers, faculty, and visitors, is so egregious and outrageous as to shock the conscience. Indeed, the Court would be hard-pressed to conclude that the Governor's executive order, which is intended to save lives during an ongoing public health crisis that has taken at least 840,000 American lives, amounts to egregious or outrageous conduct. The Court is not alone in this conclusion. *See Parker v. Wolf,* 506 F.Supp.3d 271, 291 n.20 (M.D. Pa. 2020) (mask mandate and tracing program, "at worst, [are] minor and fleeting inconveniences, especially when compared to the widespread infectiousness and death that Defendants credibly seek to avoid through these two orders."). Therefore, plaintiff has failed to allege a substantive due process claim.

*First Amendment*

Furthermore, Firszt asserts that the District's adoption of the mask mandate violated his son's right to the free exercise of religion contained in the First Amendment. "The principle that

3

government, in pursuit of legitimate interests, cannot in a selective manner impose burdens only on conduct motivated by religious belief is essential to the protection of the rights guaranteed by the Free Exercise Clause." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 543, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993). Nevertheless, "the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" *Employment Div., Dept. of Human Res. of Oregon v. Smith,* 494 U.S. 872, 879, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990) (citation omitted). The "[g]overnment fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature." *Fulton v. City of Philadelphia,* 141 S.Ct. 1868, 1877, 210 L.Ed.2d 137 (2021). A "neutral law of general applicability is constitutional if it is supported by a rational basis." *Illinois Bible Coll. Assoc. v. Anderson*, 870 F.3d 631, 639 (7th Cir. 2017).

Here, Firszt has not plausibly alleged how the mask mandate placed a substantial burden on his son's exercise of his religion in the context of the school setting. Moreover, on its face, the mask mandate is a neutral law of general applicability because it equally applies to all school-aged children regardless of their religious belief or affiliation. The mandate does not single out a particular religious belief nor does it restrict practices because of their religious nature. Under the circumstances, the mask mandate has a rational basis due to the severity of the COVID-19 pandemic and the need to prevent the spread of the disease. As such, Firszt's free exercise claim is without merit.

*ADA Claim*

Firszt also alleges that individuals with breathing difficulties who are not able to wear face coverings are protected by the ADA. *See* 28 C.F.R. § 36.105. Firszt, however, fails to allege that his son has breathing difficulties or how the ADA applies to his son. Also, as discussed, Firszt cannot

bring this ADA claim on behalf of his son due to Firszt's pro se status. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself.").

*Article III Standing*

Next, Firszt does not have Article III standing to challenge EO21-18 and the District's adoption of that executive order. "Article III of the Constitution limits the federal judicial power to deciding 'Cases' and 'Controversies'" and "as an essential part of a federal court's authority under Article III, [the] standing doctrine ensures respect for these jurisdictional bounds." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC,* 2 F.4th 1002, 1007 (7th Cir. 2021). To establish standing under Article III, plaintiff must show: (1) an injury-in-fact; (2) that is fairly traceable to the defendants' conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 729 (7th Cir. 2020) (Barrett, J.).

Firszt has not fulfilled the injury-in-fact component of Article III standing, which requires that the harm be "concrete and particularized" and "actual or imminent." *Prosser v. Becerra*, 2 F.4th 708, 713 (7th Cir. 2021), because he has failed to plausibly allege a constitutional claim or claim under the ADA. Moreover, Firszt's allegations fail to assert a particularized injury that affects his son "in a personal and individual way," but instead he alleges a "generalized grievance" shared by all parents of K-12 school children in Illinois. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1152 (7th Cir. 2020). Accordingly, Firszt does not have standing to bring claims against defendants.

*Vaccine Status*

Last, Firszt takes issue with the District's promotion of vaccines and "vaccine propaganda." Firszt has plead himself out of court because he has attached the District's August 17, 2021 email to him explaining that the District does not have vaccine or Covid testing mandates. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (a plaintiff "can plead himself out of court by

5

including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law.").

**Conclusion**

For these reasons, the Court, sua sponte, dismisses plaintiff's complaint for failure to state a claim. Civil case terminated.

IT IS SO ORDERED.

Date: 1/14/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge